**In the District Court of the United States**
**For the District of South Carolina**
BEAUFORT DIVISION

| | |
|---|---|
| Amon Davron Knowlin, ) | |
| ) | Civil Action No. 9:07-1516-HFF-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Sheriff Lane Cribb, ) | |
| Chief Michael A. Schwartz, ) | |
| Captain Barry Marsh, and ) | |
| Doctor Jacobson, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

The Plaintiff, Amon Davron Knowlin ("Plaintiff" or "Knowlin"), was a pre-trial detainee housed in the Georgetown County Detention Center ("GCDC") at the time of events giving rise to this action. He has filed suit against the above-named Defendants, Sheriff Lane Cribb ("Sheriff Cribb"), Chief Michael A. Schwartz ("Chief Schwartz"), Captain Barry Marsh ("Captain Marsh"), and Doctor Jacobson ("Dr. Jacobson"), alleging that the Defendants were deliberately indifferent to his medical needs during the time he was detained in the GCDC, in violation of his civil rights under 42 U.S.C. § 1983.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. A motion for summary judgment has

been filed by the Defendants Sheriff Cribb, Chief Schwartz, and Captain Marsh, and a separate motion for summary judgment has been filed by Dr. Jacobson. [23; 31] As these are dispositive motions, this Report and Recommendation is entered for review by the District Court.

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were

never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. FACTUAL BACKGROUND

Plaintiff alleges in his verified Complaint[1] that his right foot began to swell during September and October of 2006. He states that he saw the doctor, who prescribed Motrin, but refused to "approve" Plaintiff for sneakers, which Plaintiff believed would solve the problem. Plaintiff states he continues to suffer swelling in his right foot.



Plaintiff also alleges that he began having nosebleeds in March, 2007. Plaintiff was taken to medical, where he was provided nasal spray and placed in observation for 24 hours. When Plaintiff's nose stopped bleeding, he was placed back in the general population, despite Plaintiff's protests that he didn't feel "normal." Plaintiff states he developed a "thumping" headache and requested Advil from

---

[1] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

Page 3 of 12

medical, but received no response. Plaintiff awoke the next morning with chest pain, nausea, an ear ache and headache. Plaintiff had his cell mate to summon GCDC staff; Plaintiff was taken to the emergency room for treatment, and was prescribed medicine. He was returned to the GCDC but did not receive his medicine until the next day. Plaintiff states that he was told by medical that he had an ear infection and was prescribed Motrin and ear drops, however his right ear began bleeding "days in and days out" and he never received adequate medical attention. Plaintiff states he still suffers from the ear pain and headaches "about 1-2 times a week." Plaintiff states that his complaints about his perceived lack of medical attention have been to no avail. [1]

Plaintiff seeks compensation for "pain, suffering, stress, frustration and lack of medical attention" and also seeks to have the Court investigate the operation of the GCDC with respect to providing medical treatment to detainees.[2]

## IV. PROCEDURAL HISTORY IN FEDERAL COURT



The Plaintiff commenced this action on or about May 26, 2007 against the above-captioned Defendants.[3] [1] On July 10, 2007, an Answer was filed on behalf of Sheriff Cribb, Chief Schwartz, and Captain Marsh, which set forth a general denial of the allegations contained in the Complaint, and also asserted that Plaintiff had failed to exhaust his administrative remedies, [9] as required by the Prison Litigation Reform Act. On July 23, 2007, an Answer was filed on behalf of the Defendant Dr.

---

[2] Complaint [1] at p. 5.

[3] In the event that a limitations issue arises, the Plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (Prisoner s pleading was filed at the moment of delivery to prison authorities). From this Court's review of the Complaint and the mailing envelope, it is not clear when the Plaintiff delivered his mailing to the prison mailbox. Plaintiff's Complaint is dated May 24, 2007, which was a Saturday, and the envelope was postmarked on May 26, 2007.

Jacobson, which set forth a general denial of the allegations contained in the Complaint, and also asserted that Plaintiff had failed to exhaust his administrative remedies. [13] Thereafter, on August 23, 2007, a motion for summary judgment or to dismiss was filed on behalf of Sheriff Cribb, Chief Schwartz, and Captain Marsh. [17] On August 31, 2007, these Defendants filed a motion for extension of time to supplement their motion, which was granted by an oral order issued by the undersigned United States Magistrate Judge that same day. [17; 18] On September 19, 2007, a motion for summary judgment was filed on behalf of Sheriff Cribb, Chief Schwartz, and Captain Marsh, along with supporting affidavits and various exhibits. [22] Also on September 19, the undersigned issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified the Plaintiff of the summary judgment procedure.[4] [24]

On September 28, 2007, a motion for summary judgment was filed on behalf of Dr. Jacobson, with a supporting memorandum and exhibits. [27; 28] On October 2, the Court issued a second *Roseboro* order to the Plaintiff. [29] On October 5, 2007, the Plaintiff informed the Court of his change of address [31], as was required by the Court's Order of June 6, 2007 [6], and also filed his response in opposition to the motion for summary judgment filed by Sheriff Cribb, Chief Schwartz, and Captain Marsh. [32]

The second *Roseboro* that had been issued to the Plaintiff [29] was returned as undeliverable to the Plaintiff and was re-mailed to the Plaintiff at his new address. [33] When the Plaintiff failed to respond to the second *Roseboro*,, the Court issued an order on November 7, 2007 which allowed

---

[4]2, 2007,    In *Roseboro v. Garrison*, the Fourth Circuit held that *pro se* Plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.

Plaintiff twenty days to respond to Dr. Jacobson's motion for summary judgment. [34] The Plaintiff failed to respond to this twenty-day order.

## V. SUMMARY JUDGMENT STANDARD

The Defendants' motions for summary judgment are governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in



support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

## VI. DISCUSSION

### A. Introduction

Initially, it must be noted that since Plaintiff has been released from the GCDC, to the extent Plaintiff seeks injunctive relief, his claims are moot. *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977); *see also Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *Buie v. Jones*, 717 F.2d 925, 927-929 (4th Cir. 1983); *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[T]he transfer of a prisoner

render[s] moot his claim for injunctive and declaratory relief."); *Taylors v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (holding that prisoner's transfer mooted a request for declaratory and injunctive relief). Therefore, any such claims for relief should be dismissed.

Plaintiff also asserts a claim for monetary damages, and a claim for monetary damages survives an inmate's release from custody. *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248-49) (4th Cir. 2005); *Clay v. Miller*, 626 F.2d 345, 346 (4th Cir. 1980) *(per curiam); see also Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003) (finding that transfer to another jail did not moot damages claim for a suit filed pursuant to § 1915(g)); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976) (claim for monetary damages survives transfer). Therefore, Plaintiff's claim for monetary damages in this case is not moot, and must be considered by this Court on the merits.



The Defendants offer several defenses to Plaintiff's claim for damages, including the defense that the Plaintiff failed to exhaust his administrative remedies prior to filing this action. As a threshold matter, the Court recommends that this action should be dismissed because the Plaintiff indeed has failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). Thus, the PLRA requires prisoners bringing actions concerning prison conditions or other federal law to exhaust all available administrative remedies before suing in federal

court. *See Porter v. Nussle*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007) (*citing Porter*, 435 U.S. at 524).

In *Porter*, the Supreme Court emphasized that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532. Furthermore, *Porter* makes clear that the provisions in 42 U.S.C. § 1997e(a) applies to state prisoners. *Porter*, 534 U.S. at 524. The events alleged in the Plaintiff's Complaint are those which encompass "prison life," and therefore his case falls within the rule, articulated in *Porter*, that an inmate's exhaustion of administrative remedies is a prerequisite to filing suit.

The Plaintiff admitted in his Complaint that a grievance process exists at the GCDC and that he filed a grievance and received a final answer regarding the grievance, but he did not attach a copy of his grievance.[5] In apparent contradiction to these statements, however, the Plaintiff also answered "yes" to the question: "If there is no prison grievance procedures [sic] in this institution, did you complain to prison, jail, or institutional authorities?"[6] Plaintiff stated: "I complain verbally and written[.] [Sic] No final answer the problem still exist." [Sic][7]



The Defendants have the burden of showing that the Plaintiff failed to exhaust his

---

[5] Complaint [1] at p. 2, II, C and D.

[6] *Id.* at p.2, II, F.

[7] *Id.* at p. 2, II, G 1 and 2.

administrative remedies. *Anderson v. XYZ Corr. Health Services, Inc.,* 407 F.3d 674, 683 (4th Cir. 2005). To meet this burden, the Defendants Sheriff Cribb, Chief Schwartz, and Captain Marsh have provided the court with the affidavit of Chief Schwartz, dated September 12, 2007 (the "Schwartz Affidavit"). Chief Schwartz, who has served as the Administrator of the GCDC for the past eleven years, has averred that the Plaintiff "has never filed any grievances as to his medical access or care while at [GCDC]."[8] Therefore, it appears to the undersigned that the Plaintiff failed to exhaust his administrative remedies prior to bringing this action.

The exhaustion requirement of the PLRA, 42 U.S.C. § 1997e, is strictly construed. While the Plaintiff may argue that any attempt to exhaust administrative remedies at this point would be futile, this court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001).

It is therefore recommended that Plaintiff's action be dismissed without prejudice for failure to exhaust his administrative remedies.[9]

As a second reason for recommending dismissal of this action without prejudice, the Court notes that the Plaintiff failed to respond to the *Roseboro* order issued after Dr. Jacobson filed his motion for summary judgment, and failed to respond to the Court's twenty-day order. Of course, after a litigant has received <u>one</u> explicit warning as to the consequences of failing to timely comply with an

---

[8] *See* Schwartz Affidavit [22-3] at ¶ ¶ 1-2.

[9] In light of the recent decision of the United States Court of Appeals for the Fourth Circuit in *Green v. Young,* 454 F.3d 405, 409 (4th Cir.2006) (dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), the undersigned does not recommend that a "strike" be imposed in the above-captioned case.

order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the Petitioner's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990) (*per curiam*); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the **Plaintiff's Complaint [1] should be dismissed without prejudice.** It also is recommended that the **Defendants' motions for summary judgment [17; 22; 27] are moot.**

George C. Kosko
United States Magistrate Judge

December 6, 2007

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).